**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-1526**

———————————

HIWOT WELDE MARIAM TEKLE,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals.

———————————

Submitted:  February 24, 2010          Decided:  March 9, 2010

———————————

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Zewdu A. Derseh, Silver Spring, Maryland, for Petitioner.  Tony
West, Assistant Attorney General, Emily Anne Radford, Assistant
Director, Patrick J. Glen, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hiwot Welde Mariam Tekle, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Tekle first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Tekle fails to show that the evidence compels a contrary result. We therefore find that substantial evidence supports the denial of relief.

Additionally, we uphold the denial of Tekle's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Tekle failed to show

2

that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Finally, we find that substantial evidence supports the finding that Tekle failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2009). We find that Tekle failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3